```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF TEXAS
                       BEAUMONT DIVISION
```

DWIGHT DAVID CORMIER           §

VS.                            §    CIVIL ACTION NO. 1:11cv516

STATE OF TEXAS                 §

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Dwight David Cormier, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings what has been construed as a civil rights action filed pursuant to 42 U.S.C. § 1983. While the complaint is somewhat difficult to decipher, plaintiff appears to appear about events which occurred at the Allred Unit.

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendant resides or in which the claim arose.

The claim raised in this lawsuit arose in Wichita County, Texas, where the Allred Unit is located and appear to have no relation to the Eastern District of Texas. Pursuant to 28 U.S.C. § 124, Wichita County is located in the Wichita Falls Division of

the United States District Court for the Northern District of Texas.

    As Wichita County is located in the Northern District of Texas, venue in the Eastern District of Texas is not proper. When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

    Accordingly, this case will be transferred to the Wichita Falls Division of the United States District Court for the Northern District of Texas.  A Transfer Order shall be entered in accordance with this Memorandum Opinion.

    **SIGNED** this   8   day of   February  , 2012.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

2